[No. 41091-1-I. Division One. February 22, 1999.]

MATTHEW J. ALWOOD, *Petitioner,* v. AUKEEN DISTRICT COURT COMMISSIONER HARPER, ET AL., *Respondents.*

---

[11]In light of our decision, we need not address the Tiltons' request for attorney fees.

*Spencer D. Freeman* of *Herrmann & Associates*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Daniel J. Clark, Deputy*, for respondents.

Cox, J. — Matthew Alwood seeks review of the vacation of an order granting him deferred prosecution. Because the district court's order granting deferred prosecution was an interlocutory order that was subject to vacation prior to final judgment, we affirm.

In early 1997, the State charged Alwood with driving under the influence (DUI), reckless driving, and hit and run of an attended vehicle. At his arraignment, he pleaded not guilty. On Friday, March 7, Alwood appeared for pretrial conference before a commissioner of the Aukeen

District Court and petitioned for a deferred prosecution under RCW 10.05. The commissioner entered an order granting the motion and directing Alwood to enroll in comprehensive alcohol treatment.

During the weekend following entry of the order, the commissioner more closely examined the court file. Based on that review, the commissioner concluded that Alwood may not have been entitled to deferred prosecution. The following Tuesday, March 11, the commissioner directed that the matter be set on a review calendar and that Alwood be notified of the hearing date to consider vacation of the order.

At the hearing on March 20, the commissioner stated:

> I have no doubt that you [Alwood] fully intend to comply with the treatment program that was outlined, but I cannot— there is no way that I can find that you are amenable to treatment. Not with a year in jail, not with your history: A year in jail as well as inpatient treatment, and when I looked at the Whatcom County District Court case, which was the previous conviction, Mr. Alwood remained in compliance during the period of probation and then two months later was out on this DUI. When I took a look at the facts in the DUI, it was just extreme. You are very lucky that you are not charged with vehicular assault or vehicular homicide.
>
> And I just—I'm not going to take you into custody; I'm not going to require any bond, but I am going to *vacate* the order of deferred prosecution. I was abusing my discretion when I did it, and I'm pulling the deferred prosecution.[1]

After responding to Alwood's questions about the court's reconsideration of the prior grant of deferred prosecution, the commissioner vacated the prior order. At the same time, the commissioner set the case for trial and suppressed all admissions by Alwood at the earlier hearing for deferred prosecution. The court also directed that the Department of Licensing be notified that the prior order granting deferred prosecution was vacated, not revoked. The court denied Alwood's motion for reconsideration.

---

[1](Emphasis added.)

Alwood petitioned for review to King County Superior Court, and that court affirmed.

We granted Alwood's motion for discretionary review because of the public importance of the issues before us.[2]

## I. Order Deferring Prosecution

Alwood argues that the trial court did not have any authority under either RCW 10.05 or certain court rules to change the order granting deferred prosecution.[3] The State primarily takes the position that RCW 10.05 does not preclude vacation of the order under these circumstances and that the court may vacate the order either because of the enormous discretion vested in it under RCW 10.05, under its "inherent authority," or pursuant to certain court rules.[4] A close reading of the State's brief shows that it also argues that the order before us does not constitute a judgment or other final order and that any attempt to apply rules pertaining to the vacation of final judgments is misplaced here.[5] We conclude that we need not address whether the court rules the parties cite or a theory based on the court's inherent powers applies to this case. Rather, the dispositive question is whether a grant of deferred prosecution is a final judgment or order rather than an interlocutory order.

In the early case of *Balfour-Guthrie Inv. Co. v. Geiger,*[6] our Supreme Court recognized the distinction between an interlocutory order and a final order or judgment for purposes of finality. There, the trial court had initially appointed a receiver to take possession of property during a foreclosure proceeding. The court later vacated its order.

---

[2]RAP 2.3(d)(3).

[3]Alwood argues that no court rule permits vacation here, citing CR 59, CR 60, and CrRLJ 7.8.

[4]The State relies on CR 59, CR 60, and CrRLJ 7.8.

[5]Br. of Resp't at 15.

[6]20 Wash. 579, 56 P. 370 (1899).

On appeal, the Supreme Court concluded that the trial judge was free to correct its "improvident" appointment of the receiver at any time before entry of the final decree of foreclosure. According to the court, "The order [appointing the receiver] was interlocutory, and, until the case terminated in a final judgment, the court retained jurisdiction, which carried with it the right to vacate any previous order improvidently made."[7]

The principle of this case has been unmodified by subsequent case authority. It is also consistent with the BLACK'S LAW DICTIONARY definition of the word interlocutory:

> Provisional; interim; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy. An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.[8]

We also note that the case law commonly describes an interlocutory order by contrasting it with a final order or judgment.[9] And because interlocutory orders are not automatically appealable, permitting a trial court to correct

---

[7] *Balfour,* 20 Wash. at 580.

[8] BLACK'S LAW DICTIONARY 815 (6th ed. 1990).

[9] *See e.g., Washburn v. Beatt Equip. Co.,* 120 Wn.2d 246, 300-01, 840 P.2d 860 (1992) (partial grant of summary judgment that was not properly certified is not a final order; thus, the trial court had authority to modify it at any time prior to final judgment); *Herrmann v. Cissna,* 82 Wn.2d 1, 3, 507 P.2d 144 (1973) (denial of a motion to dismiss or for summary judgment is not a final order); *In re Estate of Hooper,* 53 Wn.2d 262, 269, 332 P.2d 1077 (1958) (prior to entry of final judgment, trial court had authority to vacate erroneous findings of fact and conclusions of law, which were interlocutory in character). *See also Deloach v. Delchamps, Inc.,* 897 F.2d 815, 826 (5th Cir. 1990) ("Because a judgment is not final until both liability and damages are determined, a judgment awarding an unspecified amount of attorney's fees is interlocutory in nature."); *Zimzores v. Veterans Admin.,* 778 F.2d 264, 266 (5th Cir. 1985) (grant of summary judgment on the issue of liability alone is interlocutory in nature); *Bon Air Hotel, Inc. v. Time, Inc.,* 426 F.2d 858, 862 (5th Cir. 1970) (denial of motion for summary judgment is in-

any mistakes prior to entry of final judgment serves the interests of judicial economy.[10]

To determine whether an order granting deferred prosecution is interlocutory, we examine RCW 10.05. Under that chapter, persons charged with misdemeanors or gross misdemeanors who admit under oath that their wrongful conduct was the result of alcoholism, drug addiction, or mental problems for which they need treatment may petition for deferred prosecution.[11] If deferred prosecution is granted, the petitioner must participate in a two-year alcohol or drug treatment program and comply with other conditions of treatment.[12] Upon successful completion of the treatment program, the charges will be dismissed.[13] But if the petitioner breaches the treatment plan, the trial court may direct that the defendant be removed from deferred prosecution.[14] The court then enters judgment based on the defendant's prior admission and the written police report.[15]

█ We hold that the statutory scheme indicates that an order granting deferred prosecution is an interlocutory order, not a final order or judgment. The order merely suspends the proceedings. The original charges are held in abeyance. The final outcome depends on the petitioner's compliance with treatment requirements. Our conclusion is buttressed by our case law interpreting the deferred prosecution statute.[16]

Because the order granting deferred prosecution was in-

terlocutory and is subject to revision by trial court at any time prior to entry of final decree).

[10]*Zimzores*, 778 F.2d at 266.

[11]RCW 10.05.020.

[12]RCW 10.05.150.

[13]RCW 10.05.120.

[14]RCW 10.05.090.

[15]RCW 10.05.090; RCW 10.05.020.

[16]*Abad v. Cozza*, 128 Wn.2d 575, 579, 911 P.2d 376 (1996) (stating that deferred prosecution is a sentencing alternative of "preconviction probation"); *State v. Higley*, 78 Wn. App. 172, 180, 902 P.2d 659 (1995) (holding that jeopardy did not attach at granting of deferred prosecution), *review denied*, 128 Wn.2d 1003 (1995);

terlocutory, the commissioner was free to vacate it upon concluding that it was improvidently granted.

## II. Due Process

In reaching this conclusion in a criminal setting, we are mindful of due process considerations. We note that the commissioner properly safeguarded Alwood's due process rights.

When the commissioner first discovered the possible error in the original grant of deferred prosecution, she directed that a hearing be set on the review calendar. At that hearing, Alwood had the opportunity to present argument. The commissioner also directed that Alwood's admission and the police report be sealed. The commissioner further directed that the Department of Licensing be advised that the grant of deferred prosecution had been vacated, not revoked. The commissioner also considered Alwood's arguments against vacation of the order at a hearing on his motion for reconsideration. The court observed Alwood's due process rights.

We affirm the judgment of the superior court affirming the vacation of the order granting deferred prosecution.

GROSSE and ELLINGTON, JJ., concur.

---

*State v. Vinge*, 59 Wn. App. 134, 138, 795 P.2d 1199 (1990) (recognizing that a grant of deferred prosecution, unlike a deferred sentence or probation, occurs before an adjudication of guilt), *review denied*, 116 Wn.2d 1006 (1991); *State v. Friend*, 59 Wn. App. 365, 367, 797 P.2d 539 (1990) ("By definition, deferred prosecution defendants have not even been prosecuted, much less convicted"); *State v. Shattuck*, 55 Wn. App. 131, 135, 776 P.2d 1001 (1989) ("[T]he overall design of the statute is to provide a streamlined procedure by which those with substance abuse problems will be encouraged to seek treatment and rehabilitation in lieu of criminal prosecution.").