[No. 31276-0-II. Division Two. June 1, 2005.]

JANE M. CITIZEN, I, ET AL., *Appellants*, v. CLARK COUNTY BOARD OF COMMISSIONERS ET AL., *Respondents*.

*Ernest M. Edsel*, for appellants.

*Arthur D. Curtis, Prosecuting Attorney*, and *E. Bronson Potter, Deputy*, for respondents.

¶1 ARMSTRONG, J. — Jane Citizen I, and Jane Citizen IV, (Citizens) appeal a summary judgment dismissing their claims against the Clark County Board of Commissioners, the chief administrative judge of the Clark County Superior Court, and the commissioners of the Clark County Juvenile Court (Clark County). The Citizens' amended complaint alleged that they and other parents in Clark County dependency actions had been denied effective assistance of counsel in those actions. The Citizens contend that the trial court: (1) erred in dismissing their class action complaint before ruling on their class certification motion, (2) erred in converting a CR 12(b)(6) motion to a summary judgment and then granting summary judgment without giving them sufficient time to respond to the summary judgment motion, (3) should have disqualified itself after receiving an ex parte communication from Clark County, and (4) erred in granting summary judgment in favor of Clark County. Concluding that each of these arguments fails, we affirm.

FACTS

¶2 On April 24, 2003, Jane Citizen I, filed a class action complaint against the Clark County Board of Commissioners (Board). That complaint asserts that the Board fails to provide her, and other indigent parents who are parties to dependency proceedings in Clark County Juvenile Court, "constitutionally and statutorily adequate legal representation." Clerk's Papers (CP) at 6. Jane Citizen I, alleges that because her appointed counsel inadequately represented her, she lost custody of her son five years earlier in a dependency action "based on false and misleading allegations that [she] had abandoned her son and otherwise neglected him." CP at 12.

¶3 Jane Citizen I, alleges that the Board "refuses to provide court-appointed attorneys with adequate compensation, training, and other resources that are reasonably necessary for the effective defense of all indigent defendants" and that it "chooses, contracts, and retains incompetent, negligent, unfit, or unqualified attorneys while also refusing to . . . monitor every attorney's fitness and the quality of the legal representation provided to every indigent defendant." CP at 13. She asserts that the Board's failure to adequately fund indigent defense services in dependency cases and to monitor appointed counsel's performance violates indigent parents' statutory and constitutional rights to effective representation.

¶4 Jane Citizen I, moved to certify as a class all indigent parents who are parties to dependency proceedings in Clark County. She also sought injunctive relief requiring the Board to fund the indigent defense contracts for dependency proceedings at an adequate level and to employ a special master to monitor the quality of appointed counsels' performance.

¶5 On September 23, 2003, the Citizens filed an amended class action complaint, which added Jane Citizen IV as a class plaintiff, alleging that she received inadequate assistance of counsel in her dependency proceeding. The

amended class action complaint also added allegations that the chief administrative judge of Clark County Superior Court and the commissioners of the Clark County Juvenile Court had failed to ensure that they, and all other indigent parents who are parties to dependency proceedings, were receiving effective assistance of counsel. The amended class action complaint sought the same relief as the class action complaint.

¶6 On October 6, 2003, the Board moved to dismiss the amended class action complaint under CR 12(b)(6), asserting that Jane Citizen I, had failed to state a claim on which the court could grant relief.[1] Among other defenses,[2] the Board argued that indigent parents in dependency actions have no legally enforceable claim against the Board.

¶7 Clark County had noted its motion to dismiss for October 16, 2003. On October 15, 2003, the Citizens responded, arguing in part that the court could not consider a motion to dismiss until it decided whether it would certify a class (although they had not yet filed a motion to certify a class) and that they had legally enforceable claims against Clark County. To their response, they attached an affidavit from Jane Citizen I, detailing her grievance regarding the performance of her appointed counsel.

¶8 The court heard argument on Clark County's motion on October 16, 2003. Clark County moved to strike the Citizens' response as untimely. The Citizens asked the court not to rule on the motion to dismiss until they filed a motion for class certification. The court reserved ruling on the motion to dismiss and directed the Citizens to move for class certification by October 31, 2003.

¶9 On November 3, 2003, the Citizens moved for class certification and to add class plaintiffs. Those motions,

---

[1] It is not clear from the record whether the Board or the other defendants had been served with the amended class action complaint when Clark County filed its CR 12(b)(6) motion.

[2] The Board argued that the Citizens' claims were barred by the statute of limitations, collateral estoppel, and the Citizens' failure to file a claim against the County.

along with Clark County's motion to dismiss, were noted for December 11, 2003. On December 9, 2003, Clark County submitted a memorandum, arguing that the Citizens had converted the CR 12(b)(6) motion to a CR 56 summary judgment motion by submitting affidavits containing matters "outside the existing record." CP at 326-36. Clark County also responded to the Citizens' motion for class certification. Clark County sent its reply and response pleadings to the trial judge with a cover letter:

> Enclosed you will find the defendants' reply memorandum relating to their motion to dismiss, the defendants' response memorandum relating to the motion to certify a class, and two proposed orders. The hearing on these motions is scheduled for December 11th at 4:00 p.m. I would suggest that the motion to dismiss be considered first because, if granted, it would obviate the need to hear the motion to certify.

Ex. A.[3]

¶10  The letter was not filed with the clerk's office and the Citizens' counsel states that he did not receive a copy.

¶11  At oral argument on December 11, 2003, the court heard Clark County's motion to dismiss first. Clark County argued that: (1) the Citizens had converted the County's CR 12(b)(6) motion into a summary judgment motion, and (2) the Citizens had not met their burden of bringing forth sufficient evidence to demonstrate genuine issues of fact. The Citizens responded that: (1) they had not converted the CR 12(b)(6) motion to a summary judgment motion, and (2) they needed additional discovery time to respond to a summary judgment motion. The court considered the matter as a summary judgment motion and denied the Citizens' request for additional time to conduct discovery. The court also ruled that Clark County was not responsible for appointed counsels' performance in dependency proceedings, concluding that Clark County had no duty beyond "providing attorneys at public expense." Report of Proceed-

---

[3] A commissioner of this court granted Clark County's motion to supplement the record on appeal with the cover letter.

ings (Dec. 11, 2003) at 40. The court granted Clark County summary judgment without addressing the Citizens' class certification motion.[4] The Citizens appeal.

## DISCUSSION

## Summary Judgment

¶12 The Citizens argue that the trial court erred in granting summary judgment to Clark County. They contend that Clark County did not meet its burden of establishing " '(1) that there is no genuine issue as to any material fact, (2) that all reasonable persons could reach only one conclusion, and (3) that the moving party is entitled to judgment as a matter of law'." *Higgins v. Stafford*, 123 Wn.2d 160, 169, 866 P.2d 31 (1994) (quoting *Peterick v. State*, 22 Wn. App. 163, 180-81, 589 P.2d 250 (1977), *overruled on other grounds by Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 709 P.2d 793 (1985)). Clark County responds that it met its initial burden of showing the absence of any issues of material fact and it was the Citizens who failed to meet their burden of " 'set[ting] forth specific facts showing that there is a genuine issue for trial.' " *Young v. Key Pharms. Inc.*, 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989) (quoting CR 56(e)).

¶13 Indigent parents in dependency and termination proceedings have a statutory right to the appointment of counsel throughout the proceeding. RCW 13.34.090(2); *In re Dependency of Grove*, 127 Wn.2d 221, 232, 897 P.2d 1252 (1995). They also have a constitutional right to the appointment of counsel. *In re Welfare of Myricks*, 85 Wn.2d 252, 253, 533 P.2d 841 (1975) (dependency proceedings); *In re Welfare of Luscier*, 84 Wn.2d 135, 139, 524 P.2d 906 (1974) (termination proceedings). And indigent persons entitled to legal representation must be provided "effective legal representation." RCW 10.101.005. If "an attorney was not

---

[4] The court did not address Clark County's arguments that the statute of limitations and collateral estoppel barred the Citizens' actions.

effective in providing a meaningful hearing, due process [guaranties] have not been met." *In re Moseley*, 34 Wn. App. 179, 184, 660 P.2d 315 (1983).

■■ ¶14 The Citizens have averred various failures of their appointed counsel that they contend demonstrate that counsel did not effectively represent them. But what they have not demonstrated is that Clark County had any duty to assure that the Citizens received effective legal representation. The juvenile court complied with RCW 13.34.090(2) by appointing counsel for the Citizens. The Board entered into contracts with those counsel to provide representation for indigent parents in dependency proceedings. Those counsel held valid licenses to practice law in the state of Washington. The record is silent on any requests by the Citizens that the juvenile court appoint them substitute counsel because their current counsel were not providing effective representation. Nor do the Citizens demonstrate that either the juvenile court or the Board has a duty to supervise appointed counsel in dependency proceedings.

¶15 The Citizens rely on *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986), pointing to language that "[t]he Sixth Amendment mandates that the State bear the risk of constitutionally deficient assistance of counsel." *Kimmelman*, 477 U.S. at 379. In *Kimmelman*, the Court considered whether an incarcerated person could collaterally attack by habeas corpus his conviction on the basis that his counsel was ineffective for not challenging the legality of a search. The Court had previously held that a Fourth Amendment challenge to a state court decision, refusing to exclude illegally obtained evidence, was not subject to collateral attack in the federal court. *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). In deciding *Stone*, the Court balanced the benefits of the exclusionary rule against the costs to the state of overturning convictions. The language the Citizens point to is *Kimmelman*'s discussion of why the same balancing is inappropriate in a Sixth Amendment right to effective counsel claim. *Kimmelman* did not hold that a

state or county has a duty to monitor appointed counsel's performance even in a criminal proceeding. *Kimmelman* does not help the Citizens.

¶16 Indigent parents who believe their appointed counsel is ineffective have a number of remedies.[5] They can ask the juvenile court to appoint new counsel. If the juvenile court declines, they can ask the superior court to revise the juvenile court's decision. They can move to dismiss the dependency on grounds their counsel was ineffective. And they can bring malpractice actions against their appointed counsel. But the Citizens have cited no authority that the juvenile court or the Board has a duty to monitor the ongoing performance of appointed counsel in dependency proceedings. Whether Clark County owes such a duty to the Citizens is a legal question. *Keller v. City of Spokane*, 146 Wn.2d 237, 243, 44 P.3d 845 (2002). Because the Citizens have failed to provide authority supporting such a duty, the trial court did not err in granting summary judgment to Clark County.[6]

¶17 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

HOUGHTON and BRIDGEWATER, JJ., concur.

---

[5] Although the Citizens allege that the appointed counsel program in Clark County is underfunded, they also allege that "[t]he vast majority of attorneys who serve as Clark County's court-appointed lawyers are excellent if not superb defense counsel in felony, misdemeanor, and dependency cases before the court." CP at 128. Taken at face value, Citizens are alleging that although the appointed counsel program is underfunded, the system is functioning well with only isolated cases of inadequate representation.

[6] Clark County also argues that collateral estoppel bars the Citizens' actions. Because the trial court did not address this argument, we decline to address it on appeal.