

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Dependency of )
)  No. 76664-3-I
J.E.R.C. )
DOB: 5/17/2014 )  DIVISION ONE
)
)  PUBLISHED OPINION
)
)  FILED: December 18, 2017
)

APPELWICK, J. — The father of J.E.R.C. sought discretionary review in this court of a shelter care order denying the child's placement with the father. A week later, the trial court placed J.E.R.C. with the father. Because the issue is now moot, we grant the father's appointed appellate counsel's motion to withdraw, deny the motion for discretionary review, and deny the motion to extend time.

## FACTS

On March 24, 2017, the State, pursuant to RCW 13.34.030, initiated dependency proceedings for J.E.R.C., then an almost three year old child. At the first shelter care hearing, the trial court found that J.E.R.C. should remain in shelter care, out of the home. On April 10, 2017, at the interim shelter care hearing, the court denied the father's request to place J.E.R.C. with him. On April 11, 2017, the father sought discretionary review in this court of the shelter care hearing order entered on April 7, 2017. The trial court found the father indigent and entitled to appointed counsel pursuant to RAP 15.2. Then, on April 17, 2017, the trial court placed J.E.R.C. with his father at an interim review hearing.

The father's appointed appellate counsel moved to withdraw from representing the father on discretionary review under RAP 18.3 and CR 71. He asserted that the request for discretionary review was moot given that the child was placed with the father. He also moved to extend time to allow the father to file a pro se motion for discretionary review, if this court granted counsel's withdrawal.

## DISCUSSION

The father's appointed appellate counsel moves to withdraw from representing his client on the motion for discretionary review. He states that there is no legitimate basis under RAP 2.3(b) to seek review. He asserts that proceeding with the review would violate his ethical obligations under RPC 3.1, which prohibits counsel from bringing a proceeding unless there is a basis in law and fact for doing so that is nonfrivolous. He asks this court to distinguish this context from In re Welfare of Hall, 99 Wn.2d 842, 843, 664 P.2d 1245 (1983), where the Supreme Court held that appointed counsel may never withdraw in child deprivation proceedings absent client consent.

If counsel can find no basis for a good faith argument on review, counsel should file a motion in the appellate court to withdraw as counsel for the indigent as provided in RAP18.3(a). RAP 15.2(i). In this court, the father's appointed counsel filed a motion to withdraw as counsel for the father pursuant to RAP 18.3(b). Under RAP 18.3(a)(1), courts use a good cause standard to determine when appellate counsel can withdraw.[1] See State v. Rafay, 167 Wn.2d 644, 653,

---

[1] Although RAP 18.3(a)(1) contemplates appointed counsel in criminal cases, the standard is appropriately applied here, as RAP 15.2(i) directs counsel to follow the guidelines of RAP 18.3(a) to withdraw.

222 P.3d 86 (2009) (finding that courts should use a good cause standard in determining when appellate counsel can withdraw and the defendant can proceed pro se). Courts have discretion to determine whether there is good cause. See id. at 654.

## I. Right to Counsel

Before we address whether appointed counsel may withdraw, we recognize that indigent parents in dependency and termination proceedings have a statutory right to appointed counsel throughout the proceeding. Citizen v. Clark County Bd. of Comm'rs, 127 Wn. App. 846, 851, 113 P.3d 501 (2005) The Washington dependency statute provides,

> At all stages of a proceeding in which a child is alleged to be dependent, the child's parent, guardian, or legal custodian has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court.

RCW 13.34.090(2). In Grove, our Supreme Court held that the right to appointed counsel continues on appeal, including on motions for discretionary review of interlocutory trial court orders. In re Dependency of Grove, 127 Wn.2d 221, 236, 897 P.2d 1252 (1995). The trial court determines if any party seeking appellate review is indigent and therefore unable to pay for the expenses of review for dependency and termination cases under chapter 13.34 RCW. RAP 15.2(b)(1)(b).

Further, appointed counsel may never withdraw on appeal in a child deprivation proceeding. Hall, 99 Wn.2d at 847. There, the court reasoned that the Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) procedures that counsel must follow to withdraw in a criminal appeal did not apply

to appointed counsel in child deprivation proceedings. Id. at 846. First, it found that the federal constitutional right to counsel in criminal cases, of concern in Anders, differed from the primarily state statutory right to counsel in child deprivation proceedings. Id. Second, it emphasized that a criminal defendant, who must be at least competent to stand trial, will have the opportunity as well as the ability to present his or her own argument to the appellate court. Id. at 846-47. The court distinguished this from the respondents in child deprivation proceedings, who do not have to be found competent, and therefore may be unable to raise potentially meritorious issues. Id. at 847. The court relied on its concern for incompetent parents when it held that courts may never permit counsel on appeal to withdraw in a termination case. Id.

## II.   Dependency Proceedings and Termination Proceedings

Hall prohibits appellate counsel's withdrawal in a termination case, which is distinct from a dependency proceeding. Hall, 99 Wn.2d at 847; see In re Welfare of Key, 119 Wn.2d 600, 609, 836 P.2d 200 (1992) (holding that a dependency proceeding and a termination proceeding have different objectives, statutory requirements, and safeguards); compare RCW 13.34.110 and RCW 13.34.130 with RCW 13.34.180 and RCW 13.34.190. First, the primary purpose of a dependency is to allow courts to order remedial measures to preserve and mend family ties, and to alleviate the problems that prompted the State's initial intervention. In re Dependency of T.L.G., 126 Wn. App. 181, 203, 108 P.3d 156 (2005). Termination of parental rights, on the other hand, is any action resulting in the termination of the parent-child relationship. RCW 13.38.040(3)(b). It

completely and irrevocably eliminates all parental rights. In re Dependency of K.S.C., 137 Wn.2d 918, 930 n.7, 976 P.2d 113 (1999).

Second, the standard of proof is lower in a dependency proceeding. See Key, 119 Wn.2d at 612. To find a child dependent:

> (1) The court shall hold a fact-finding hearing on the petition and, unless the court dismisses the petition, shall make written findings of fact, stating the reasons therefor. The rules of evidence shall apply at the fact-finding hearing and the parent, guardian, or legal custodian of the child shall have all of the rights provided in RCW 13.34.090(1). The petitioner shall have the burden of establishing by a preponderance of the evidence that the child is dependent within the meaning of RCW 13.34.030.

RCW 13.34.110. But, in order to terminate parental rights, the State must first prove six statutory elements, outlined in RCW 13.34.180(1), by clear, cogent, and convincing evidence. RCW 13.34.190(1)(a); In re Parental Rights to K.J.B., 187 Wn.2d 592, 597-98, 387 P.3d 1072 (2017).

Third, the dependency and termination processes are also significantly different. In order to terminate the parent-child relationship, the State must satisfy two prongs. Id. at 597. The first prong focuses on the adequacy of the parents and requires proof of the six elements set out in RCW 13.34.180(1). Id. Each of the six statutory elements must be proved by clear, cogent, and convincing evidence before the State may terminate parental rights. In re Dependency of K.N.J., 171 Wn.2d 568, 576-77, 257 P.3d 522 (2011); RCW 13.34.180(1). If the State satisfies the first prong by proving the six statutory factors, the court proceeds to the second prong, determining if termination is in the best interest of

the child. K.N.J., 171 Wn.2d at 577; RCW 13.34.190(1)(b). Only if the first prong is satisfied may the court reach the second. K.N.J., 171 Wn.2d at 577.

The key difference is the dependency hearing is " 'a preliminary, remedial, nonadversary proceeding' " that does not permanently deprive a parent of any rights. Key, 119 Wn.2d at 609 (quoting In re A.W., 53 Wn. App. 22, 30, 765 P.2d 307 (1988)). A finding of dependency does not inevitably lead to a termination of parental rights. Id.

III.    Discretionary Review of Dependency Order

Further, the right to appeal an order terminating parental rights, as in Hall, is different from the discretionary review of an interlocutory order in a dependency proceeding.[2] An interlocutory order does not finally determine a cause of action but only decides some intervening matter pertaining to the cause. Alwood v. Aukeen Dist. Court Comm'r Harper, 94 Wn. App. 396, 400, 973 P.2d 12 (1999).

There are safeguards in place to protect indigent parents in dependency proceedings, without compelling appointed appellate counsel to continue with review which is moot or frivolous. For one, the trial court has continuing jurisdiction over the dependency proceedings and the parent continues to have appointed counsel in that forum. K.N.J., 171 Wn.2d at 576; Citizen, 127 Wn. App. at 851. Further, if a disposition order is entered, the parent then has a direct right of appeal. Chubb, 112 Wn.2d at 725. The court's concern in Hall that counsel's withdrawal

---

[2] Interim shelter care orders are not appealable as a matter of right. See In re Chubb, 112 Wn.2d 719, 725, 773 P.2d 851 (1989) (holding that, in dependency proceedings, there is a right to appeal only the disposition decision following the finding of dependency or to a marked change in the status quo, which in effect amounts to a new disposition).

will leave an incompetent parent without any recourse is unfounded in the dependency context, where the trial court still has jurisdiction and the parent still has trial counsel.

The difference between the interlocutory nature of dependency orders and the final orders of termination is evident in this case. Only a week after the court denied the father's request to place J.E.R.C. with him, the court did just that at an interim review hearing.

There are four circumstances under which this court may grant discretionary review:

> (1) The superior court has committed an obvious error which would render further proceedings useless;
>
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
>
> (3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or
>
> (4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

RAP 2.3(b). Here, trial counsel filed the motion, seeking review of the contested shelter care hearing order entered on April 7, 2017, presumably asserting the trial court committed an obvious or probable error. Appellate counsel was appointed; briefing scheduled; and appellate counsel moved to withdraw on grounds that there is no meritorious issue under RAP 2.3(b) to seek review. Appellate counsel

did not specifically state in his motion that the issue is moot, but he did so in his supplemental brief.[3] The State concurs that the issue for which the appellant first sought discretionary review is now moot.[4]

We decline to extend <u>Hall</u> to the dependency context. Requiring appointed counsel to continue with moot issues on discretionary review would be a misuse of the Indigent Defense Fund, the resources of the court, and those of counsel for the parties.[5] Therefore, we grant appointed appellate counsel's motion to withdraw pursuant to RAP 18.3(b) and CR 71.

Counsel moved this court to extend time for the father to proceed pro se, if he wishes.[6] However, the record clearly fails to satisfy the obvious or probable error standards of RAP 2.3(b)(1) and (2). The trial court's shelter care hearing

---

[3] Appellate counsel states,

> A.M. filed a notice seeking discretionary review of the interlocutory order. A.M. also sought the same relief in the trial court, and on April 17, the trial court entered an Interim Review Hearing Order which granted A.M.'s motion to place his son with him. This order rendered moot the request for discretionary review.

(Citations omitted.)

[4] It would behoove the State in similar situations to file a motion to dismiss discretionary review when the underlying issue is moot.

[5] The dissent in <u>Grove</u> feared that publicly funding all motions for discretionary review of dependency proceedings would be a substantial cost to the State. 127 Wn.2d at 248 (Madsen, J. dissenting). Denying appointed appellate counsel's motion to withdraw when there is no basis to continue discretionary review would be a waste of the State's Indigent Defense Fund.

[6] We can infer from the record that appointed appellate counsel did not obtain his client's consent to counsel's withdrawal. If the father had consented to counsel's withdrawal, there would not have been an issue under <u>Hall</u>, which permits withdrawal of appellate counsel even in deprivation of parental rights cases with client consent. <u>See</u> 99 Wn.2d at 843.

order, placing the child with the father, rendered the father's discretionary review moot.

The motion for discretionary review is denied. And, as the underlying issue is now moot, the motion to extend time to allow the father to continue pro se is also denied.

WE CONCUR: