REQUESTED BY: Michael Smith
Director, Nebraska State Historical Society
You requested an opinion from the Attorney General's Office regarding whether the general statutes of Nebraska pertaining to the treatment and disposition of dead bodies and cemeteries prohibit the reburial of Native American skeletal remains on private or state land within the State of Nebraska with the consent of the landowner, where reburial is done pursuant to the provisions of the Unmarked Human Burial Site and Skeletal Remains Protection Act of 1989, Neb. Rev. Stat. §§ 12-1201 through12-1212 (Reissue 1997, Cum Supp 2004) ("Nebraska Reburial Law") and the Native American Graves Protection and Repatriation Act of 1990, 25 U.S.C. §§ 3001 through 3013 (2001, Cum. Supp. 2003) ("NAGPRA"). For the reasons set forth below, we conclude that Nebraska law does not prohibit the described reburial of Native American skeletal remains.
The Nebraska Reburial Law creates certain obligations for persons who discover human skeletal remains or burial goods associated with an unmarked human burial. The Law specifically requires the Nebraska State Historical Society, when it finds that discovered human skeletal remains or burial goods are of American Indian origin, to promptly notify in writing the Commission on Indian Affairs and any known relatives in the order identified in section 71-1339 or, if no relatives are known, any Indian tribes reasonably identified as tribally linked to such remains or goods "in order to ascertain and follow the wishes of the relative or Indian Tribe, if any, as to reburial or other disposition." Neb. Rev. Stat. § 12-1208(3) (Cum. Supp. 2004) (emphasis added).
The general statutes regarding dead human bodies and the disposition thereof referenced in your opinion request are found at Neb. Rev. Stat. §§ 28-1301 (Cum. Supp. 2004) and 71-605 (Supp. 2005). These statutes are primarily concerned with health and sanitation issues surrounding the disposition of dead bodies and the determination and certification of the time and cause of death. These statutes were largely enacted prior to the Nebraska Reburial Law and NAGPRA.
In enacting the Nebraska Reburial Law in 1989, the Legislature specifically recognized that: the unmarked human burial sites of pioneers, settlers and Indians were scattered throughout the state; existing law on cemeteries did not clearly provide equal and adequate protection or incentives to ensure preservation of all human burial sites in this state; no adequate procedure existed regarding the treatment and disposition of human skeletal remains from unmarked graves to protect the interests of relatives or other interested persons; and the scientific, educational, religious, and cultural interest in the remains of our ancestors should be served. See Neb. Rev. Stat. § 12-1202
(Reissue 1997). With LB 340 (1989), the same bill that created the Nebraska Reburial Law, the Nebraska legislature further amended Neb. Rev. Stat. § 28-1301 to incorporate the requirements of the Nebraska Reburial Law into its criminal prohibitions against the improper treatment of human skeletal remains.
"Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, so that effect is given to every provision. To the extent that a conflict exists between two statutes on the same subject, the specific statute controls over the general statute." In re Application of Metropolitan Utilities Dist. of Omaha, 270 Neb. 494, 500, 704
N.W.2d 237, 242 (2005) (citing Soto v. State, 269 Neb. 337, 693
N.W.2d 491 (2005)). While we do not necessarily believe the statutes to be in conflict, to the extent that Neb. Rev. Stat. §§28-1301 and 71-605 relate to the burial of human skeletal remains of Native American origin regulated by the Nebraska Reburial Law, the specific provisions of the Nebraska Reburial Law should prevail.
For these reasons, the Nebraska State Historical Society should follow the requirements set forth by Neb. Rev. Stat. § 12-1208
when notified of the discovery of human skeletal remains or burial goods. Specifically, with regard to remains and related burial goods of American Indian origin, the Society shall "ascertain and follow the wishes of the relative or Indian tribe." To the extent that those wishes are in conflict with the general statutes of Nebraska pertaining to the treatment and disposition of dead bodies and cemeteries, then the Society should comply with the specific requirements of the Nebraska Reburial Law.
 Conclusion
Based on the above, it is our opinion that the general statutes of Nebraska pertaining to the treatment and disposition of dead bodies and cemeteries do not prohibit the reburial of Native American skeletal remains on private or state land within the State of Nebraska with the consent of the landowner, where reburial is done pursuant to the provisions of the Nebraska Reburial Law.
 Sincerely, JON BRUNING Attorney General
 Jodi M. Fenner Assistant Attorney General
 Approved: ______________________________ Attorney General