966 P.2d 422 (1998)
Aaron LITOWITZ, Faith Litowitz, David Litowitz, and Becky Litowitz, Appellants,
v.
CENTRAL PUGET SOUND GROWTH MANAGEMENT HEARINGS BOARD, Respondent, and
City of Federal Way, an optional code non-charter municipal corporation, Respondent.
No. 40399-1-I.
Court of Appeals of Washington, Division 1.
November 9, 1998.
Carolyn A. Lake, Bogle & Gates, Tacoma, for Appellants.
Marjorie A. Smitch, Assistant Attorney General, Olympia, Londi K. Lindell, Federal Way, Eric S. Laschever, Roger D. Wynne, Seattle, for Respondent Central Puget Sound Growth Management.
GROSSE, J.
A petition for judicial review of an administrative order must be served on all parties of record. Where, as here, only two of five parties to an agency proceeding file a petition for judicial review, the other three parties are parties of record and must be served, even if all five parties were originally represented by the same attorney. The Litowitzes failed to serve all parties of record, and as a result, the superior court lacked jurisdiction to hear their appeal. Accordingly, we affirm the court's dismissal.

FACTS
Aaron and Faith Litowitz and David and Becky Litowitz (collectively the Litowitzes), Bill and Eldrid Segale and Tony and Patricia Segale (collectively the Segales), along with Rajinder and Kulwinder Johal (Johals) filed a petition for review before the Central Puget Sound Growth Management Hearings Board (Board) challenging the City of Federal Way's comprehensive plan. The Board ruled in favor of the City of Federal Way (City).
Of the original petitioners, only the Litowitzes appealed the Board's decision to King County Superior Court. The Litowitzes properly served the City but they failed to serve the Segales or Johals. The City moved for dismissal, arguing that all "parties of *423 record" were not served, a jurisdictional prerequisite under RCW 34.05.542(2). The court granted the motion.
The Litowitzes appeal.

DISCUSSION
RCW 34.05.542(2) states that a "petition for judicial review of an [agency] order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." (Emphasis added.) The sole issue before this court is whether the statute requires the Litowitzes to serve as "parties of record" only those parties named in their petition for judicial review, or whether they must serve all parties who were before the Board. We hold that the statute requires service to all parties before the Board.
As an initial matter, we note that the Supreme Court has held that substantial compliance with the service requirements of Washington's 1988 Administrative Procedure Act (APA) is not sufficient to invoke the appellate jurisdiction of the superior court.[1] As a result, all parties of record must be served. "Any party to an appeal, including one who was properly served, may raise the issue of lack of subject matter jurisdiction at any time."[2]
The definition of "parties of record" as used in RCW 34.05.542(2) is not defined by the APA. In Union Bay Preservation Coalition v. Cosmos Development & Administration Corporation,[3] the court looked to the APA definition of the term "party" together with the Legislature's intended meaning of the phrase "parties of record" in concluding that service on an attorney of record was insufficient for purposes of the statute.[4] Specifically, the court used the definition contained in RCW 34.05.010(11), which defines a party in the context of an agency proceeding as a "person to whom the agency action is specifically directed," or "a person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding." The Litowitzes argue that the appropriate definition of the term "party" is contained in RCW 34.05.010(12) rather than RCW 34.05.010(11).
RCW 34.05.010(12) defines a "party" in the context of a judicial review proceeding as a person who files a petition for a judicial review, or a person named as a party or allowed to participate as a party in a judicial review proceeding. While the issue before us is in the context of a judicial review proceeding, use of this definition with regard to service of process would conflict with the purpose behind service requirements in general, that being to provide notice and an opportunity to be heard.[5]
A "party of record" is not synonymous with a "party to judicial review." It refers instead to persons to whom the agency action is specifically directed or persons named as a party in the agency proceeding under RCW 34.05.010(11). Thus, in order to avoid dismissal of the petition for failure of service, service upon "all parties of record" must be read as requiring service upon all parties in the agency proceeding. The Litowitzes failed to serve all parties of record, and as a result, failed to invoke the jurisdiction of the court. Dismissal was appropriate.
Furthermore, we reject the Litowitzes' argument that service was not required because the Segales and Johals were represented by the same attorney. The Segales and Johals were not parties to the judicial review petition and they were parties of record. Accordingly, service was required.
*424 For the foregoing reasons, we affirm the superior court's order of dismissal.
BAKER and WEBSTER, JJ., concur.
NOTES
[1] Skagit Surveyors & Engineers, LLC v. Friends of Skagit County, 135 Wash.2d 542, 556, 958 P.2d 962 (1998).
[2] Skagit Surveyors & Engineers, 135 Wash.2d at 556, 958 P.2d 962.
[3] Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp., 127 Wash.2d 614, 902 P.2d 1247 (1995).
[4] Union Bay Preservation Coalition, 127 Wash.2d at 618-20, 902 P.2d 1247.
[5] Wichert v. Cardwell, 117 Wash.2d 148, 151, 812 P.2d 858 (1991).