[No. 17878-1-III. Division Three. May 18, 1999.]

LINDA R. CRAIG, ET AL., *Appellants*, v. JAMES J. LUDY,
*Respondent*.

*Steven J. Palmer,* for appellants.

*Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson,* by *Diehl R. Rettig* and *John P. Raekes,* for respondent.

KATO, J. — Linda R. and Rickie Craig appeal the summary dismissal of their complaint against James J. Ludy on grounds Mr. Ludy was dead and they failed to join his estate as a party within the applicable limitation period. We reverse and remand for trial because we agree they should have been permitted to amend their complaint to add Mr. Ludy's estate as a defendant.

Mrs. Craig and Mr. Ludy were involved in a traffic ac-

cident in Benton County on February 3, 1993. At the time of the accident, Mr. Ludy was insured in Washington and apparently was a Washington resident, but he moved shortly afterward to North Carolina. He died of causes unrelated to the accident on January 1, 1994, in North Carolina.

Unaware of Mr. Ludy's death, the Craigs filed a complaint against him personally in Benton County Superior Court on February 1, 1996. They effected service of process through the Secretary of State under the nonresident motorist statute, RCW 46.64.040. Attorneys for Mr. Ludy moved for dismissal on grounds Mr. Ludy was not a proper party. The Craigs then moved to amend the complaint to add Mr. Ludy's estate as a defendant.

The superior court dismissed the action, holding "that a dead person is not a party before the Court and that the Secretary of State as statutory agent for a non-resident motorist is not an agent for a deceased person as the applicable statute does not so provide and as a general principle of law an agency is terminated by the death of the principal." The court also denied the Craigs' motion to add Mr. Ludy's estate as a defendant, holding the amendment would not relate back to the date the complaint was filed.

█ In reviewing a summary judgment order, this court engages in the same inquiry as did the superior court. *Safeco Ins. Co. v. Butler*, 118 Wn.2d 383, 394, 823 P.2d 499 (1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In this case there are no factual disputes, so the case is ripe for summary judgment.

█ A putative defendant who dies before being served is not a proper party before the court. *Sutton v. Hirvonen*, 113 Wn.2d 1, 6, 775 P.2d 448 (1989). The Craigs mistakenly sued Mr. Ludy in his personal capacity; they should have sued his estate through its personal representative. It is

unclear why the parties' arguments focus on whether the applicable limitation period is tolled in these circumstances. The Craigs filed and served their complaint here within the three-year limitation period provided in RCW 4.16.080(2).[1] The only issue, then, is whether the Craigs were entitled to amend their complaint to substitute Mr. Ludy's estate as the defendant.

CR 15(c) provides:

> **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*See* CR 17(a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]"); *see also Beal v. City of Seattle*, 134 Wn.2d 769, 780, 954 P.2d 237 (1998) (Rules 15(c) and 17(a) are related and sometimes are applied in tandem).

 CR 15(c) "is to be liberally construed on the side of allowance of relation back of the amendment where the opposing party will be put to no disadvantage. Modern rules

---

[1]The three-year limitation period applies even when the defendant dies before the action is filed. *Young v. Estate of Snell*, 134 Wn.2d 267, 948 P.2d 1291 (1997). Whether this period would toll under certain circumstances is not an issue here because the Craigs have not attempted to file a separate complaint against Mr. Ludy's estate.

of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties." *Lind v. Frick*, 15 Wn. App. 614, 617, 550 P.2d 709 (1976) (footnote omitted), *review denied*, 88 Wn.2d 1001 (1977). Amendment under CR 15(c) is not allowed if the delay in substituting a party is because of inexcusable neglect or is a conscious decision, strategy or tactic. *Public Util. Dist. No. 1 v. Walbrook Ins. Co.*, 115 Wn.2d 339, 349, 797 P.2d 504 (1990). An amendment merely changing the capacity in which a party appears will relate back to the date of the original complaint. *Hill v. Shelander*, 924 F.2d 1370, 1375-78 (7th Cir.[2] 1991); *Beal*, 134 Wn.2d at 780; *see* 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1498, at 134-36 (2d ed. 1990); *see also Rinke v. Johns-Manville Corp.*, 47 Wn. App. 222, 228-32, 734 P.2d 533, (relation back under CR 17(a)), *review denied*, 108 Wn.2d 1026 (1987); *Fitch v. Johns-Manville Corp.*, 46 Wn. App. 867, 869-70, 733 P.2d 562, (same), *review denied*, 108 Wn.2d 1027 (1987).

The Craigs' proposed amended complaint arose out of the same occurrence set forth in their original pleading, so they have satisfied the initial requirement of CR 15(c). The critical issue is whether Mr. Ludy's estate had notice of the action and knew or should have known it would have been named as a defendant but for the Craigs' mistake.

■ The record does not indicate when the estate became aware of the action. However, some federal circuits have held that notice may be imputed if there is a community of interest between the originally named defendant and the party to be added. *See, e.g., Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400-01 (9th Cir. 1984); *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1147 (5th Cir. 1970); *Travelers Indem. Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967); *see also Schiavone v. Fortune*, 477 U.S. 21, 28, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986). At least one federal court has held

---

[2]Federal authority is persuasive in interpreting language of a state court rule that parallels a federal rule. *Beal*, 134 Wn.2d at 777.

under this rule that notice may be imputed to parties who are represented by the same attorney. *Hendrix v. Memorial Hosp.*, 776 F.2d 1255, 1257-58 (5th Cir. 1985).

In this case, Mr. Ludy's insurer certainly had notice of this action. Presumably, counsel retained by the insurer to represent its insured would be required to defend the suit regardless of whether Mr. Ludy were alive or dead. Counsel has not alleged the amendment would cause any prejudice to the insurer or to Mr. Ludy's estate. There thus was a sufficient community of interest that notice of the action may be imputed to the estate. Finally, the estate (through its insurer) knew that, but for the Craigs' mistake, the action would have been brought against it. All the requirements of CR 15(c) are satisfied.[3]

The Respondent relies primarily on *Young v. Estate of Snell*, 134 Wn.2d 267, 948 P.2d 1291 (1997), which does not apply. In that case, the issue was the appropriate limitation period in a personal injury action in which the defendant died before the action was filed. The relation-back doctrine was not at issue because the original action was not perfected within the applicable limitation period. *Id.* at 270.

The superior court erred in denying the Craigs' motion to amend their complaint under CR 15(c) and in dismissing the action. The judgment is reversed and the matter remanded for trial.

KURTZ, A.C.J., and BROWN, J., concur.

Reconsideration denied June 29, 1999.

Review denied at 139 Wn.2d 1016 (2000).

---

[3]There also is no merit to the Respondent's suggestion that the superior court never assumed jurisdiction over the matter within the limitation period. *See Beal*, 134 Wn.2d at 783-84.