[No. 17939-7-III.　Division Three.　January 13, 2000.]

GLENNA J. SCHWARTZ, ET AL., *Appellants*, v. ORVAL S. DOUGLAS, ET AL., *Respondents*.

*James A. Domanico* of *Crary, Clark & Domanico, P.S.,* for appellants.

*Fred C. Pflanz* of *Winston & Cashatt Lawyers, P.S.,* for respondents.

Schultheis, J. — Glenna and Robert Schwartz's complaint against Orval[1] and Esther Douglas was filed and served on Ms. Douglas after Mr. Douglas had died, shortly before the running of the applicable statute of limitations. Although the Schwartzes later amended their complaint to add Mr. Douglas's estate as a defendant, the trial court dismissed the action as untimely. The Schwartzes appeal, contending the statute of limitations was tolled by service on the surviving spouse. Alternatively, they assert that the amended complaint should relate back to the date the original complaint was filed. We reverse and remand for trial.

On October 26, 1992, Ms. Schwartz was injured in an automobile accident. Mr. Douglas was driving the other vehicle involved in the collision and was insured for liability. Ms. Schwartz filed a summons and complaint on October 18, 1995 for damages due to Mr. Douglas's negligence. The complaint listed the defendants as "Orville S. Douglas and Jane Doe Douglas[,] husband and wife, and the marital community comprised thereof." Unknown to the Schwartzes, Mr. Douglas had died in July 1995. The process server served two copies of the summons and complaint on Ms. Douglas on December 3, 1995. At that time, no probate proceedings had commenced with regard to Mr. Douglas's estate.

The Schwartzes sent a copy of the summons and complaint to Mr. Douglas's insurance carrier on October 18, 1995. The carrier first asked for an extension of the response time so the parties could negotiate. After settlement negotiations collapsed, the insurance carrier retained

---

[1]We note the original summons and complaint spelled Mr. Douglas's first name as Orville but the amended complaint used the correct spelling of Orval Douglas.

counsel in November 1996 and notified the Schwartzes that Mr. Douglas had died. On February 26, 1997, the Schwartzes petitioned the superior court for appointment of a special administrator for Mr. Douglas's estate. The petition was granted and the Schwartzes served an amended summons and complaint on the estate of Orval Douglas on April 2, 1997.

In June 1998 Ms. Douglas moved for summary judgment dismissal of the Schwartzes' claims. She claimed the Schwartzes failed to file the complaint against the estate of Mr. Douglas within the three-year statute of limitations. The trial court granted summary judgment and dismissed the claims.

■ The sole issue on appeal is whether the Schwartzes' failure to timely name Mr. Douglas's estate as a defendant barred their suit. In review of a summary judgment order we engage in the same inquiry as the trial court. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 394, 823 P.2d 499 (1992). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Young v. Estate of Snell*, 134 Wn.2d 267, 271, 948 P.2d 1291 (1997).

In an action to recover damages for personal injuries, the applicable statute of limitations is usually three years from the date of the alleged injury. RCW 4.16.080(2); *Young*, 134 Wn.2d at 271. Within that period, the plaintiff must commence the action either by filing the complaint or serving the summons, whichever comes first. RCW 4.16.170. The plaintiff has 90 days after the filing of the complaint to serve the summons on one or more of the defendants. RCW 4.16.170. If a defendant dies before the expiration of the statute of limitations, RCW 11.40 applies its own statute of limitations. RCW 4.16.200. Former RCW 11.40.011 provides a special limitation on claims against insurers:[2]

The time limitations under this chapter for serving and fil-

---

[2]RCW 11.40.011 was repealed by LAWS OF 1997, ch. 252, § 87. Because this case arose before the date of repeal, we apply former RCW 11.40.011 to the analysis of this issue. *Young*, 134 Wn.2d at 273 n.4.

ing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and such claims, subject to applicable statutes of limitation, may at any time be:

(1) Served on the personal representative, or the attorney for the estate; or

(2) If the personal representative shall have been discharged, then the claimant as a creditor may cause a new personal representative to be appointed and the estate to be reopened in which case service may be had upon the new personal representative or his attorney of record.

. . . Nothing in this section serves to extend the applicable statute of limitations regardless of the appointment or failure to have appointed a personal representative . . . .

The Schwartzes, after realizing the probate code requires that they serve their complaint on the estate of Mr. Douglas, properly sought and obtained appointment of a special administrator for the estate. They then amended their complaint to include the estate and served both the original and the amended complaint on the special administrator. Ms. Douglas asserts that these actions were insufficient to comply with the statute of limitations because the special administrator was not authorized to accept the amended service. We do not reach this issue because we find that the Schwartzes' properly amended complaint related back to the date the original complaint was filed.

Recently, in *Craig v. Ludy*, 95 Wn. App. 715, 976 P.2d 1248 (1999), *review denied*, 139 Wn.2d 1016 (2000), this court faced a similar factual situation. In *Craig*, the plaintiffs named only one defendant, who died before the suit was commenced. The plaintiffs' attempt to amend the complaint to add the defendant's estate was denied and the suit was dismissed. On appeal, we noted that CR 15(c) allows an amendment that changes the party against whom a claim is asserted to relate back to the date of the original pleading if the new party (1) has received notice of the action and will not be prejudiced in maintaining a defense,

and (2) knew or should have known that, but for a mistake regarding the identity of the proper party, the action would have been brought against him or her. *Craig*, 95 Wn. App. at 718. Additionally, CR 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" *See Craig*, 95 Wn. App. at 718.

As we noted, CR 15(c) should be liberally construed to allow relation back of an amendment where the opposing party will be put to no disadvantage. *Craig*, 95 Wn. App. at 718-19 (citing *Lind v. Frick*, 15 Wn. App. 614, 617, 550 P.2d 709 (1976), *review denied*, 88 Wn.2d 1001 (1977)). Any delay in substituting a party that is the result of inexcusable neglect or is a conscious decision or tactic will not support, however, an amendment under CR 15(c). *Craig*, 95 Wn. App. at 719 (citing *Public Util. Dist. No. 1 v. Walbrook Ins. Co.*, 115 Wn.2d 339, 349, 797 P.2d 504 (1990)).

The Schwartzes' delay in amending their complaint was inadvertent, caused by their excusable failure to determine Mr. Douglas had died. Their process server served two copies of the original complaint on Ms. Douglas, as was the customary practice, and had no notice of Mr. Douglas's death. After receiving its copy of the complaint, the insurance carrier asked for an extension and did not notify the Schwartzes of Mr. Douglas's death until after the running of the statute of limitations. Counsel retained by the insurer would have been required to defend this suit whether for Mr. Douglas or for his estate after he died. Due to this community of interest, the notice to the insurer is imputed to the estate. *Craig*, 95 Wn. App. at 719-20 (citing *Hendrix v. Memorial Hosp.*, 776 F.2d 1255, 1257-58 (5th Cir. 1985); *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400-01 (9th Cir. 1984)).

The Schwartzes' amended complaint arose out of the same occurrence set forth in their original complaint and

the estate both had notice of the action and knew it would have been named but for the Schwartzes' mistake. Neither the insurer nor the estate claims the amendment creates any disadvantage. Accordingly, the amendment satisfies the requirements of CR 15(c) and relates back to the filing of the original complaint. Because that filing came within the statute of limitations, the suit was not properly dismissed.

Reversed and remanded for trial.

KURTZ, C.J., and BROWN, J., concur.

Review denied at 141 Wn.2d 1003 (2000).