115 P.3d 1077 (2005)
Stephanie K. LaRUE, individually, Respondent,
v.
Samuel W. HARRIS as Personal Representative of the Estate of Corrine A. Harris, Appellant.
No. 31176-3-II.
The Court of Appeals of Washington, Division Two.
July 19, 2005.
Melanie T. Stella, Burgess Fitzer PS, Tacoma, WA, for Appellant.
Paul Alexander Lindenmuth, Ben F. Barcus & Associates PLLC, Tacoma, WA, for Respondent.
Patricia Campbell Fetterly, Davies Pearson PC, Tacoma, WA, for Appellant Intervenor.
MORGAN, J.
¶ 1 In this personal injury action brought by Stephanie LaRue against the Estate of Corrine Harris, the Estate argues that LaRue's amended complaint does not relate back to her original complaint and thus that she did not commence the action in timely fashion. We affirm.
¶ 2 On June 20, 1997, LaRue and Harris were in an automobile accident. In March 1998, Harris died. In April 1998, the Estate was opened.
¶ 3 Farmers insured both LaRue and Harris. From 1998 through 2000, it negotiated *1078 with LaRue without telling her Harris had died. The case did not settle.
¶ 4 On June 19, 2000, LaRue filed a complaint for negligence. She named Harris, but not the Estate. While trying to serve Harris, LaRue discovered that Harris had died.
¶ 5 On August 15, 2000, LaRue filed an amended summons and complaint that named the Estate. On August 17, 2000, LaRue served the Estate's personal representative. Farmers later intervened.
¶ 6 On March 8, 2001, the Estate moved for summary judgment. It argued that the amended complaint did not relate back to June 19, 2000, and thus that the three year statute of limitation barred recovery. The trial court orally granted the motion, but LaRue moved for reconsideration ten days later. On May 25, 2001, the trial court reversed itself and ruled that the amended complaint did relate back and that the suit had been timely commenced.
¶ 7 In January 2003, the parties arbitrated and LaRue won. The Estate filed for trial de novo, which took place in October 2003. The jury found for LaRue in the amount of $66,303.13, and the court awarded LaRue about $25,000 in reasonable attorney fees and costs. After the entry of judgment on the verdict, the Estate filed this appeal.
¶ 8 While the appeal was pending, the Estate paid the judgment in full. On January 30, 2004, the trial court entered an order saying the judgment had been satisfied, and LaRue withdrew the proceeds from the registry of the court.

I.
¶ 9 LaRue contends that the appeal is moot because the Estate has paid the judgment. A case is moot on appeal when the appellate court can no longer grant relief.[1] We can grant relief here, for if we reverse, we can order the trial court to dismiss the suit and LaRue to make restitution. Accordingly, the appeal is not moot.
¶ 10 LaRue relies on RAP 2.5(b)(1), which provides:
A party may accept the benefits of a trial court decision without losing the right to obtain review of that decision only (i) if the decision is one which is subject to modification by the court making the decision or (ii) if the party gives security as provided in subsection (b)(2) or (iii) if, regardless of the result of the review based solely on the issues raised by the party accepting benefits, the party will be entitled to at least the benefits of the trial court decision . . .
Except in the situations indicated, this rule denies the right of appeal to a party who accepts benefits. It does not, however, deny the right of appeal to a party who complies with an outstanding judgment by paying benefits; that party may still pursue an appeal and, if successful, obtain restitution. Because the Estate paid benefits, RAP 2.5(b) does not affect its right to appeal.

II.
¶ 11 LaRue argues that "the trial court did not abuse its discretion by determining that plaintiff's amended complaint related back to the originally filed complaint when the amendment did nothing more than change the capacity of the defendant."[2] The Estate argues to the contrary. LaRue relies on CR 15(c), which provides:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has *1079 received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
¶ 12 As can be seen, this rule allows a plaintiff to change the party against whom he or she is asserting a claim, after the statute of limitation has expired, so long as the claims made in the original and amended pleadings arise out of the same occurrence, the party being added had notice and knowledge of the claim, and that party will not prejudiced in maintaining his or her defense. The claims alleged in LaRue's original and amended complaints arose out of the same auto accident. Farmers had notice and knowledge since at least 1998, and because it shared a community of interest with the Estate, its notice and knowledge were imputable to the Estate.[3] Neither Farmers nor the Estate was prejudiced in maintaining a defense because, except for substituting the Estate in place of Harris, the amended claim was the same as the original one. The requirements of CR 15(c) were met, and the trial court did not err by ruling that the action had been timely commenced.
¶ 13 The Estate argues that an amended complaint cannot relate back unless the original complaint was "perfected," meaning that the original complaint must have been filed within three years and served within three years plus 90 days. This argument is not supported by CR 15(c), which requires that the amended claim arise out of the same occurrence as the original but says nothing about "perfecting" the original. More importantly, the argument is illogical. Modernly, the main purpose of serving any complaint, whether it be original or amended, is to give notice.[4] In general, notice is better if given by an amended (corrected) complaint rather than by an original (uncorrected) complaint. Given that RCW 4.16.170 permits a plaintiff who files his or her complaint within three years to give notice by serving an original (uncorrected) complaint within the ensuing 90 days, is it logical to say that a plaintiff cannot give notice by filing and serving an amended (corrected) complaint within the same 90 days (assuming of course that the other requirements of CR 15(c) are met)? We think not.
¶ 14 The Estate argues that "Larue did not perfect her claim within the statutory period because the only defendant named in the original complaint. . . was never served."[5] Again however, the argument seems illogical. Why would the law want to require a plaintiff to "perfect" his original complaint by giving notice to a person whom he currently realizes is the wrong defendant  especially where, as here, that person has died?
¶ 15 The Estate relies heavily on Young v. Estate of Snell,[6] but that case is not on point. In Young, the plaintiff neither served the original complaint, nor filed and served the amended complaint, within the three-year-plus-90-day period allowed by RCW 4.16.170. Here, LaRue filed the original within three years, then filed and served the amended complaint within the following 90 days.
¶ 16 The parties remaining arguments lack merit or need not be reached. LaRue is awarded her costs and reasonable attorney fees on appeal, provided that she complies *1080 with RAP 18.1.[7]
¶ 17 Affirmed.
We concur: QUINN-BRINTNALL, C.J., and VAN DEREN, J.
NOTES
[1] State v. Turner, 98 Wash.2d 731, 733, 658 P.2d 658 (1983); In re Marriage of Olson, 100 Wash.App. 911, 915 n.5, 999 P.2d 1286 (2000).
[2] Br. of Resp't at 13 (emphasis omitted).
[3] Schwartz v. Douglas, 98 Wash.App. 836, 840, 991 P.2d 665, review denied, 141 Wash.2d 1003, 10 P.3d 404 (2000); Craig v. Ludy, 95 Wash.App. 715, 719-20, 976 P.2d 1248 (1999), review denied, 139 Wash.2d 1016, 994 P.2d 844 (2000).
[4] Henderson v. United States, 517 U.S. 654, 672, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) ("the core function of service is to supply notice of the pendency of a legal action"); Wichert v. Cardwell, 117 Wash.2d 148, 151, 812 P.2d 858 (1991); Litowitz v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 93 Wash.App. 66, 69, 966 P.2d 422 (1998) (one purpose of service requirements is "to provide notice"). See also Sheldon v. Fettig, 129 Wash.2d 601, 614, 919 P.2d 1209 (1996) ("purpose of service of process is to provide . . . notice to the defendant that an action has been commenced") (Talmadge, J., dissenting).
[5] Br. of Appellant at 10.
[6] 134 Wash.2d 267, 948 P.2d 1291 (1997).
[7] MAR 7.3 ("The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo."); Yoon v. Keeling, 91 Wash.App. 302, 306, 956 P.2d 1116 (1998) ("A party entitled to attorney fees under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve its position.").