# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CHRISTOPHER ENGLISH, an individual, | No.  50031-1-II |
| Appellant, | |
| v. | |
| DENNIS ALVIN BUSS, individually, | UNPUBLISHED OPINION |
| Respondent, | |
| STATE OF WASHINGTON, Department of Corrections, STATE OF WASHINGTON, Department of Social and Health Services, | |
| Defendants. | |

JOHANSON, P.J. — Christopher English filed a motion to amend a negligence complaint to add Dennis Buss as a defendant.  The existing defendants, Department of Social and Health Services (DSHS) and Department of Corrections (DOC), did not oppose the amendment.  Superior Court Judge Vicki Hogan granted the unopposed motion allowing the amendment and ruled that the amended complaint related back to the original complaint.  This relation-back ruling defeated Buss's potential statute of limitations defense.  After Buss was served notice of the lawsuit, he filed a CR 60 motion for relief from the relation-back order and requested summary judgment based on the statute of limitations.  Superior Court Judge Edmund Murphy struck the relation-back

ruling and granted summary judgment with respect to English's claim against Buss on statute of limitations grounds.

English appeals Judge Murphy's order vacating Judge Hogan's relation-back ruling and Judge Murphy's summary judgment dismissal of English's claims against Buss. English argues that (1) Judge Murphy violated Pierce County Local Rule (PCLR) 7(c)(5) when he reviewed Judge Hogan's relation-back order and (2) Judge Murphy improperly reviewed the CR 15(c) relation-back ruling under a CR 60 motion for relief. English also argues that (3) even if Judge Murphy could have reviewed the relation-back order, he erred when he concluded that English did not meet the relation-back requirements and granted summary judgment.

We hold that (1) English did not preserve the PCLR 7(c)(5) issue and (2) to the extent Judge Murphy relied on CR 60, he erred when he reviewed the CR 15(c) relation-back ruling because such interlocutory orders are not reviewable under CR 60. However, Judge Murphy had the authority to address a due process violation and therefore properly considered Buss's motion for relief. Finally, (3) Judge Murphy properly found that English did not meet the relation-back requirements and properly granted summary judgment. We affirm.

FACTS

I. BACKGROUND FACTS

In 2011, Buss, a DSHS employee, directed four DOC inmates, including English, to help him dismantle a travel trailer that was given to him for his personal use. Buss did not have DSHS approval to use DOC inmates for his private purposes. On June 8, while breaking down the trailer, English was seriously injured.

From June 2011 and throughout 2012, DSHS and the Washington State Executive Ethics Board investigated this incident. DSHS concluded that Buss demonstrated significant lapses in judgment and acted negligently when he directed the inmates to perform work for his individual benefit and when he did not ensure they used proper safety equipment. DSHS attempted to terminate Buss, but eventually allowed him to resign. The Ethics Board concluded that Buss violated Washington statutory prohibitions regarding conflicts of interests, securing special privileges from his public service employment, and using state resources for personal benefit.

## II. ORIGINAL COMPLAINT, ANSWER, DISCOVERY, AND SUMMARY JUDGMENT

On June 3, 2014, English filed a complaint alleging negligence related to the June 8, 2011 incident. The complaint designated DSHS and DOC as the defendants under the "Parties and Jurisdiction" section. English served notice of the complaint on DSHS and DOC. In this same section, the complaint stated, "DENNIS ALVIN BUSS ('DSHS Supervisor Buss'), was an employee of the STATE OF WASHINGTON Department of Social and Health Services acting within the course and scope of his employment at all relevant times herein." 1 Clerk's Papers (CP) at 2. But the complaint did not name Buss as a defendant in his individual capacity, although the complaint referred to Buss's actions leading to English's injury throughout the complaint. Buss was not named in the caption of the complaint. English did not serve Buss with notice of the complaint at this time.

DSHS and DOC filed an answer, admitted Buss was a former DSHS employee, denied that Buss had acted within the scope of employment during the June 8 incident, and referred to Buss as a "nonparty." For 15 months, English, DSHS, and DOC engaged in discovery. Buss did not

3

participate in the discovery proceedings. On September 18, 2015, DSHS and DOC filed a motion for summary judgment in which they claimed Title 51 RCW immunity.

### III. AMENDED COMPLAINT

On September 24, 10 weeks before trial, English filed a motion to amend his complaint. English asked to bring additional claims against DSHS and DOC and also requested to add Buss in his individual capacity as a defendant in order to bring claims "that will not be subject to Title 51 immunity." 1 CP at 45.

English requested under CR 15(c) that the amendment relate back to the original complaint filing date. English argued that Buss would not be prejudiced if added because "[Buss] will most likely be defended by the attorney general's office." 1 CP at 51. English further contended that the complaint related back because Buss, DSHS, and DOC shared a community of interest and because the amendment merely represented a change in Buss's capacity when he was already named in the original complaint's parties section. Neither DSHS, DOC, nor English served Buss with notice of the motion to amend the complaint.

DSHS and DOC did not oppose the motion. On October 2, Judge Hogan granted the motion to amend without a hearing. The order stated, "[T]hat the Amendments relate back to the original filing of this case under [CR] 15(c)." 1 CP at 147.

English filed the amended complaint and served Buss with the summons and complaint on October 13. Trial was set for December 1. An attorney appeared for Buss on October 23. On November 18, he filed a motion to dismiss, or in the alternative, to continue the trial date and reopen discovery. In the motion, Buss argued that English's amended complaint ran afoul of the

statute of limitations because English could not meet the requirements under CR 15(c) for the amended complaint against Buss to relate back to English's original complaint.

Also on November 18, DSHS and DOC submitted a notice of settlement that also stated that Buss remained a defendant. The superior court entered a stipulated judgment against DSHS and DOC. On December 1, English and Buss stipulated to an order to continue the trial date to May 1, 2016. The new case schedule provided that discovery would end February 29.

IV. BUSS'S CR 60 MOTION FOR RELIEF

In January, Buss filed a CR 60 motion for relief from Judge Hogan's relation-back order granting English's motion to amend the complaint. In his motion, Buss sought summary judgment dismissal of the claim against him, raised a statute of limitations defense, and sought relief under CR 60(b)(1), (4), and (11). The superior court transferred the motion and the case to Judge Murphy as a matter of normal case management.

Judge Murphy heard argument on Buss's motion. Buss argued that Judge Hogan improperly granted the relation-back motion because the motion was unopposed, which deprived the superior court of the information that English could not meet the elements of CR 15(c). Buss admitted that he could not find case law in which a relation-back order was considered under a CR 60 motion for relief. But he argued that he was otherwise without a civil remedy to object to being added as a party because he could not bring a reconsideration motion because he was served outside the 10-day window to bring such a motion. Buss further argued that Judge Hogan should not have ruled on a relation-back motion before he could be heard on that matter because it effectively eliminated his meritorious statute of limitations defense.

English argued that Buss's motion should be denied because a CR 60 motion is not the proper procedure to reconsider a relation-back ruling. English did not argue that consideration of the relation-back ruling violated PCLR 7(c)(5).[1] Without offering legal authority in support, English further argued that it was a standard matter of course to bring a motion to amend with a request that it relate back, even without the party being added present when the motion is argued. And he argued that Buss must wait for an appeal to address the relation-back issue. English further noted that he agreed to a six-month continuance of the trial requested by Buss's attorney and sent over all discovery and pleadings in order to alleviate prejudice.

Judge Murphy noted that the parties did not provide authority that clarified whether a party could challenge a relation-back ruling under CR 60. Judge Murphy concluded that this was "[f]undamentally" a "due process issue." Report of Proceedings (RP) at 35. He further concluded that although English did not need to notify Buss that he was amending his complaint, Buss should have been given the opportunity to defend against the relation-back motion. He concluded that, based on the evidence presented, Buss never got notice of the lawsuit until October 2015, which was outside of the statute of limitations.

Judge Murphy concluded that this was not the typical case in which Buss "knew or should have known" he would be added to the suit. RP at 37. Judge Murphy did not explicitly conclude whether English's failure to add Buss to the original complaint was due to inexcusable neglect. Judge Murphy noted that from the record, he could glean only that English brought the motion to

---

[1] PCLR 7(c)(5) states, "No party shall reargue the same motion to a different judicial officer without showing by affidavit, what motion was previously made, when and to which judicial officer, what the order or decision was, and any new facts or other circumstances that would justify seeking a different ruling from another judicial officer."

amend in order to bring claims that would not be subject to Title 51 RCW immunity. He further stated that although English claimed adding Buss was a mere "formality," "it is much more than a formality when the entity that was originally sued was out of the case, and Mr. Buss [was] left on his own." RP at 39.

Judge Murphy ruled that he could address the relation-back ruling from a due process perspective. Judge Murphy then ruled that the order granting the motion to amend the complaint would stand, but that he "struck the language" with respect to "relating back under CR 15(c)." 3 CP at 597. Judge Murphy concluded that the complaint against Buss did not relate back and that the statute of limitations barred English's action against Buss. Accordingly, he granted Buss's motion for summary judgment "[p]ursuant to CR 60." 3 CP at 597. Judge Murphy denied English's motion for reconsideration. English appeals Judge Murphy's order vacating the relation-back order and Judge Murphy's summary judgment dismissal order.

ANALYSIS

I. PCLR 7(C)(5)

First, English argues that Judge Murphy violated PCLR 7(c)(5)[2] when he revisited Judge Hogan's ruling that English's amended complaint related back.[3] We decline to review this issue because it is raised for the first time on appeal.

---

[2] PCLR 7(c)(5) states, "No party shall reargue the same motion to a different judicial officer without showing by affidavit, what motion was previously made, when and to which judicial officer, what the order or decision was, and any new facts or other circumstances that would justify seeking a different ruling from another judicial officer."

[3] English also argues that if Buss's motion were a reconsideration motion it was untimely because it was filed more than 10 days after Judge Hogan's order. This argument is correct but irrelevant because Buss's motion was not a motion for reconsideration.

We may refuse to review any claim of error that was not raised in the trial court. RAP 2.5(a). However, a party may raise certain claimed errors for the first time in the appellate court. RAP 2.5(a). English did not argue below that PCLR 7(c)(5) prevented Buss from challenging the relation-back ruling before Judge Murphy. English also does not argue here that any RAP 2.5(a) exceptions apply.

The many reasons behind RAP 2.5(a) are well settled. *See State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013); *State v. Weber*, 159 Wn.2d 252, 271-72, 149 P.3d 646 (2006); *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012); *State v. Scott*, 110 Wn.2d 682, 685-86, 757 P.2d 492 (1988).[4] English fails to provide any grounds on which we should reach this issue for the first time on appeal. Thus, we decline to address Buss's PCLR 7(c)(5) argument.

## II.  CR 60 REVIEW

### A.  CR 60 MOTION FOR RELIEF FROM AN INTERLOCUTORY ORDER

Next English argues that Judge Murphy erred when he considered Buss's CR 60 motion for relief because CR 60 does not apply to an interlocutory order granting a motion to amend; it can only address relief from a final judgment. We agree that CR 60 does not apply.

We review questions of law de novo. *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 300, 174 P.3d 1142 (2007). Here, English presents the legal, procedural question of whether a CR 15(c) relation-back ruling can be reviewed on a CR 60 motion. Thus, we review this issue de novo.

---

[4] RAP 2.5(a) makes no distinction between civil and criminal cases. *State v. WWJ Corp.*, 138 Wn.2d 595, 601, 980 P.2d 1257 (1999).

CR 60(b) allows for review of final orders. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 300-01, 840 P.2d 860 (1992). CR 60(b) is not the proper vehicle to use where interlocutory orders are concerned. *Washburn*, 120 Wn.2d at 300-01. A ruling on a CR 15 motion to amend is interlocutory in nature. *Taylor v. Bell*, 185 Wn. App. 270, 297 n.25, 340 P.3d 951 (2014), *review denied*, 183 Wn.2d 1012 (2015). Thus, we hold that to the extent Judge Murphy relied on CR 60, he erred by reviewing and vacating an interlocutory CR 15(c) relation-back ruling as a matter of law under a CR 60(b) motion for relief.

### B. AUTHORITY TO REVIEW THE CR 15(C) RULING

English next argues that *Washburn* establishes that the use of CR 60 motions to review interlocutory orders is barred and that it is disingenuous for Buss to argue that his motion was anything but a CR 60 motion. We hold that Judge Murphy had the authority and the duty to address a due process violation and therefore properly considered Buss's motion for relief.

### 1. STANDARD OF REVIEW AND RULES OF LAW

"We review questions of law, including constitutional due process guaranties, de novo." *State v. Derenoff*, 182 Wn. App. 458, 465, 332 P.3d 1001 (2014). "Due process requires 'notice reasonably calculated to apprise a party of the pending proceedings affecting him and an opportunity to present his objections before a competent tribunal.'" *Conner v. Universal Utils.*, 105 Wn.2d 168, 173, 712 P.2d 849 (1986) (quoting *State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 335, 553 P.2d 442 (1976), *dismissed*, 430 U.S. 952 (1977)). "Procedural due process '[a]t its core is a right to be meaningfully heard, but its minimum requirements depend on what is fair in a particular context.'" *Derenoff*, 182 Wn. App. at 466 (alteration in original) (quoting *In re Det. of Stout*, 159 Wn.2d 357, 370, 150 P.3d 86 (2007)).

We may affirm on any basis supported in the record. *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 170 Wn. App. 1, 11, 282 P.3d 146 (2012). Application of CR 15(c), which permits the relation back of an amendment changing a defendant, must comport with the minimal due process requirements of giving the new party an opportunity to be heard at a meaningful time and in a meaningful manner. *Pub. Util. Dist. No. 1 of Klickitat County v. Walbrook Ins. Co.*, 115 Wn.2d 339, 349, 797 P.2d 504 (1990).

Division One of this court has also held that "because interlocutory orders are not automatically appealable, permitting a trial court to correct any mistakes prior to entry of final judgment serves the interests of judicial economy." *Alwood v. Harper*, 94 Wn. App. 396, 400-01, 973 P.2d 12 (1999).

2.    DUE PROCESS CONCERNS ALLOWED JUDGE MURPHY TO EXERCISE REVIEW

Judge Murphy stated that he considered Buss's ability to contest the relation-back ruling "[f]undamentally" a "due process issue." RP at 35. And Judge Murphy stated that Buss should have had, but was denied, the opportunity to contest the relation-back ruling. We agree.

Application of CR 15(c) must comport with the minimal due process requirements of giving the new party an opportunity to be heard at a meaningful time and in a meaningful manner. *Pub. Util. Dist. No. 1 of Klickitat County*, 115 Wn.2d at 349. We review the particular context of a case to determine if the minimum due process requirements are met. *Derenoff*, 182 Wn. App. at 466. Here, Judge Hogan found that English's claim related back without hearing from Buss on October 2. English did not serve Buss with the summons and the complaint until October 13. Thus, Buss was not a party to the lawsuit at the time Judge Hogan ruled on the relation-back motion. Since Buss was not a party to the lawsuit and did not get notice reasonably calculated to

apprise him of the hearing affecting him and an opportunity to present his objections before a competent tribunal, Buss was denied due process.[5] *Conner*, 105 Wn.2d at 173.

We hold that where Buss was not notified of English's relation-back motion such that Buss was left without an option besides litigating the case and appealing later, Buss was not afforded appropriate procedural safeguards, leaving him without opportunity to be heard at a meaningful time and in a meaningful manner. *Pub. Util. Dist. No. 1 of Klickitat County*, 115 Wn.2d at 349; *Derenoff*, 182 Wn. App. at 466.

This view comports with precedent that where a party may be added to a suit under a relation-back motion, the added party should be given timely notice in order to defend against a relation-back motion. *See Martin v. Dematic*, 182 Wn.2d 281, 286, 340 P.3d 834 (2014) (in which the trial court heard a summary judgment motion from the party that the plaintiff sought to add as a defendant); *Miller v. Campbell*, 164 Wn.2d 529, 535, 192 P.3d 352 (2008) (in which a party that the plaintiff sought to add was given timely notice such that the party was able to submit an answer to the motion, objecting to being added); *Kommavongsa v. Haskell*, 149 Wn.2d 288, 294, 67 P.3d 1068 (2003) (same).

Additionally, permitting a trial court to correct any mistakes in an interlocutory order before final judgment serves judicial economy interests. *Alwood*, 94 Wn. App. at 400-01. English suggests that Buss should have gone to trial and appealed the relation-back order only after a final

---

[5] English asserts that Buss should have filed a reconsideration motion. But Buss was not in a position to file a reconsideration motion as English suggests. Because Buss was not served with notice of the lawsuit until 11 days after the relation-back ruling, he was prevented from filing a motion for reconsideration, which had to be filed 10 days after the entry of the order. PCLR 7(c)(2); CR 59(b). Further, it is doubtful that Buss, as a nonparty to the hearing, had standing to file a reconsideration motion.

verdict. This suggestion would not serve judicial economy, and we see no reason to adopt such a view. We hold that it was in the interest of judicial economy for Judge Murphy to correct Judge Hogan's relation-back ruling, rather than having Buss submit to trial and wait until a final judgment to appeal. We thus hold that Judge Murphy properly exercised review to afford relief as justice and judicial economy required in order to ensure Buss's due process rights.

### III. CR 15(C) RELATION-BACK CLAIM AND SUMMARY JUDGMENT

English next argues that even if Buss had properly challenged the amendment order, Judge Murphy incorrectly concluded that the CR 15(c) relation-back requirements were not met and thereby erred when he granted summary judgment on the basis that the statute of limitations had run. We disagree.

### A. STANDARD OF REVIEW AND RULES OF LAW

We review whether the CR 15(c) requirements have been met de novo. *Martin*, 182 Wn.2d at 287-88. CR 15(c) provides that if a party amends their complaint and meets the requirements of the rule, their amended complaint "relates back" to the date of the original pleading and thus is considered timely. *Martin*, 182 Wn.2d at 288.[6] "CR 15(c) has two textual and one judicially

---

[6] The full text of CR 15(c) states,

> **Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the original party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the new party will not be prejudiced in maintaining her or his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party.

created requirements." *Martin*, 182 Wn.2d at 288.[7]  All three requirements must be satisfied in order for a claim to relate back. *Stansfield v. Douglas County*, 146 Wn.2d 116, 122, 43 P.3d 498 (2002).

The party seeking to amend its complaint has the burden to prove the two textual requirements under CR 15(c) for relation back to occur. *Martin*, 182 Wn.2d at 288-89.

First, the text requires that "the added party must have received notice of the action within the limitations period such that he or she will not be prejudiced in maintaining his or her defense on the merits." *Martin*, 182 Wn.2d at 288; CR 15(c)(1).  Notice may be actual or constructive to fulfill CR 15(c). *Beal v. City of Seattle*, 134 Wn.2d 769, 780, 954 P.2d 237 (1998).  Second, "the added party must have known or should have known that but for a mistake concerning his or her identity, the action would have been brought against him or her." *Martin*, 182 Wn.2d at 288; CR 15(c)(2).

Washington courts have also followed federal precedent to add an "inexcusable neglect" requirement to the text of the rule. *Martin*, 182 Wn.2d at 289.  Under that requirement, plaintiffs may not add new defendants if they delay in doing so "'due to inexcusable neglect.'" *Martin*, 182 Wn.2d at 289 (quoting *N. St. Ass'n v. City of Olympia*, 96 Wn.2d 359, 368, 635 P.2d 721 (1981)).

---

[7] CR 15(c) also has a threshold requirement that the claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading."  Here, the parties agree that English's amended claim arose out of the same occurrence as the original claim. We accept the parties' agreement on this factor.

B.  NO NOTICE AND PREJUDICE

1.    NOTICE

English argues that within the statute of limitations period, Buss received notice of the lawsuit because he knew or should have known that he could be named in the suit.  Again we disagree.[8]

a.    NO CONSTRUCTIVE NOTICE BASED ON DSHS AND ETHICS BOARD INVESTIGATIONS

First, English argues that Buss had constructive notice that he would be named as a party because of the DSHS and Ethics Board investigations of his conduct, DSHS' attempt to terminate him, the Ethics Board decision, and his knowledge of English's injuries.  Buss argues that constructive notice of the suit cannot be imputed to him based on these investigations.  We agree with Buss.

A party must have actual or constructive notice regarding the possible claim sought to be raised against them by an amended pleading.  CR 15(c)(1); *Beal*, 134 Wn.2d at 780.  Notice may come from sources other than the original complaint.  *RTC Transp., Inc. v. Walton*, 72 Wn. App. 386, 395-96, 864 P.2d 969 (1994).

English relies on *RTC Transport, Inc.* for the proposition that the DSHS and Ethics Board investigations against Buss were adequate to notify Buss that he could be named as a defendant.  English's reliance on this case is misplaced.  *RTC Transport, Inc.* involved only the addition of *claims*, not added parties.  72 Wn. App. at 396.

---

[8] There was no actual notice given to Buss within the statute of limitations period.  RCW 4.16.080(2).

Additionally, Division Three of this court in *RTC Transport, Inc.* analyzed cases in which pretrial proceedings—including briefing on a summary judgment motion, oral argument on pleadings and discovery—notified established parties that an opposing party would make an additional claim. *See* 72 Wn. App. at 396. And in *RTC Transport, Inc.*, the parties conducted extensive discovery related to the claim at issue and the party adverse to the added claim specifically asked the other party if they would make such a claim before they did so. 72 Wn. App. at 396.

The DSHS and Ethics Board investigations took place between 2011 and 2012. English provides no authority suggesting that the fact of these investigations, their conclusions, Buss's resignation, or his awareness of English's injuries gave Buss constructive notice that he would be added to English's negligence complaint like the pretrial proceedings gave notice of additional claims against established parties in *RTC Transport, Inc*. We hold that these investigations do not establish constructive notice as English contends.

b. NO CONSTRUCTIVE NOTICE IN LIGHT OF CHANGED CAPACITY

Second, English argues that Buss had constructive notice because Buss was named "in the *parties* section" and throughout the original complaint, and the amended complaint merely changed Buss's capacity to a formal defendant "in both his individual and official capacity." Br. of Appellant at 20. Buss argues that this case is not analogous to those English relies on such that it establishes Buss had notice. We agree with Buss.

English relies on *Beal*, *Miller*, *Kommavongsa*, and *Craig v. Ludy*, 95 Wn. App. 715, 976 P.2d 1248 (1999), to argue that "change in the person's capacity in the litigation satisfies the notice requirement of the CR 15(c) test." Br. of Appellant at 19. English oversimplifies the holdings

from these cases and fails to establish that they apply here to show that Buss had constructive notice.

*Beal*, *Kommavongsa*, and *Miller* all involve factual situations in which a plaintiff brought a CR 15(c) claim to amend their original complaints to change only the *plaintiff's* representative capacity in which the suit was brought. *See* 134 Wn.2d at 773; 149 Wn.2d at 294; 164 Wn.2d at 535. In these cases, the notice requirements of CR 15(c) were met where the defendants had *actual* notice of the lawsuit and accordingly were not prejudiced, and where the real party plaintiff in interest ratified the lawsuit or sought to be substituted as plaintiff within a reasonable time after objection by the adversary. *Kommavongsa*, 149 Wn.2d at 317 (substituting a motorist as the real party plaintiff in interest in legal malpractice action rather than the guardians ad litem for a motorist's wife and daughter who originally brought the legal malpractice action); *and see Beal*, 134 Wn.2d at 781 (allowing a plaintiff to bring a wrongful death claim in the capacity of a personal representative of a decedent, rather than in the capacity of a guardian ad litem for children of the decedent as in the original filing); *Miller*, 164 Wn.2d at 536 (allowing a bankruptcy debtor to substitute the bankruptcy trustee as the real party in interest in this case).

English argues that as in these cases, the amended complaint "was more in the nature of a change in Buss's capacity" where Buss's name appears in the original complaint and the amended complaint then added him to the caption as a "formal defendant." Br. of Appellant at 20. But English adding Buss as a named defendant in the amended complaint does not illustrate the type of representative capacity change as found in *Beal*. There, the change was from a named plaintiff's status as a guardian ad litem to a personal representative. And in *Kommavongsa*, the change was from the guardians ad litem for a motorist's wife and daughter to the motorist. Finally, in *Miller*,

the change was from a bankruptcy debtor to a bankruptcy trustee. In those cases, the added plaintiffs' connections to the original plaintiffs were such that the added plaintiffs knew about the suit or knowledge of the suit could be imputed to the added plaintiff. *See Beal*, 134 Wn.2d at 775; *Kommavongsa*, 149 Wn.2d at 294; *Miller*, 164 Wn.2d at 535. Here, there is no such evidence illustrating that Buss had actual or imputed knowledge of English's negligence suit.

English's reliance on *Craig* similarly fails. In *Craig*, plaintiffs brought an action against a motorist who was in a traffic accident. 95 Wn. App. at 716-17. The superior court dismissed the action because the motorist died and his estate had not been joined as a party within the limitations period. *Craig*, 95 Wn. App. at 717. Division Three of this court held that notice received by the motorist's insurer of action brought after the motorist's death could be imputed to the motorist's estate. *Craig*, 95 Wn. App. at 720. Thus, the *Craig* court permitted a CR 15(c) amendment substituting the estate as the defendant to relate back to filing of the original complaint. 95 Wn. App. at 720.

English's original complaint did not name Buss as a defendant in his official capacity, or in *any* capacity, nor did it name him in the caption, although it referred to Buss's actions leading to English's injury throughout. English fails to establish how mention of Buss in the original complaint and his addition as a defendant in the amended complaint is analogous to the decedent's estate being substituted for the decedent. We hold that English's argument that Buss had constructive notice as a result of a mere change in capacity fails.

17

c.       NO CONSTRUCTIVE NOTICE BY VIRTUE OF A COMMUNITY OF INTEREST

Third, English argues that this case is akin to those in which the notice requirement is met where the added and the original defendants share a community of interest. This argument fails.

English argues that this case is analogous to cases in which CR 15(c) was satisfied where notice to an insurer could be imputed to the insured's estate due to a community of interest including *Perrin v. Stensland*, 158 Wn. App. 185, 240 P.3d 1189 (2010), *LaRue v. Harris*, 128 Wn. App. 460, 115 P.3d 1077 (2005), *Schwartz v. Douglas*, 98 Wn. App. 836, 837, 991 P.2d 665 (2000), and *Craig*, 95 Wn. App. at 719-20. This is unpersuasive.

*Perrin* helpfully summarizes each of these cases:

> *In each case, we concluded the amendment related back under a theory of imputed notice.* As noted in *Craig*, federal courts have held timely notice may be imputed to a defendant added in an amended complaint if there is a community of interest between the originally named defendant and the party to be added, as with insurance carriers and the estates of their insureds.

158 Wn. App. at 196 (emphasis added). In each of these cases, the reviewing courts found a community of interest between an insurer and the insured's estate because the insurer would have had to defend a suit either for the deceased insured or for his or her estate after death, and thus notice to the insurer or to the estate could be imputed to the other. *See Perrin*, 158 Wn. App. at 196; *Craig*, 95 Wn. App. at 719-20; *Schwartz*, 98 Wn. App. at 840; *LaRue*, 128 Wn. App. at 465.

Here, English fails to establish how Buss's former employment created a community interest between Buss and DSHS and DOC as existed in the cases English relies on. In *Perrin*, *Craig*, *Schwartz*, and *LaRue*, a community of interest existed where the insurer would have had to defend a suit either for the deceased insured or for his or her estate after death. Here, Buss was no longer a DSHS employee for two years when English brought his original negligence claim. And

18

there is nothing in the record to suggest that DSHS and DOC had a contractual obligation to defend Buss as an insurer would to defend an insured or their estate.

DSHS and DOC did not defend Buss. In their answer to English's original complaint, DSHS and DOC denied that Buss had acted within the scope of employment during the June 8 incident and referred to Buss as a "nonparty." We hold that English's argument that Buss had notice by virtue of his community interest with DSHS and DOC fails.[9] Further, we hold that none of English's arguments illustrate that Buss had notice of the lawsuit. We next analyze whether this lack of notice prejudiced Buss in maintaining his defense pursuant to CR 15(c)(1)'s first textual requirement.

2.    PREJUDICED

English argues that Buss was not prejudiced because the superior court should have tolled the statute of limitations where the State was properly served, and such tolling is appropriate for unserved defendants pursuant to RCW 4.16.170. Buss argues that tolling does not apply here and that he was prejudiced by the lack of notice. We hold that tolling does not apply here and that the lack of notice prejudiced Buss such that English failed to meet CR 15(c)'s first textual requirement.

---

[9] English also cites to *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984), *DeSantis v. Angelo Merlino & Sons, Inc.*, 71 Wn.2d 222, 225, 427 P.2d 728 (1967), and *Hendrix v. Memorial Hospital of Galveston County*, 776 F.2d 1255, 1257-58 (5th Cir. 1985), for the proposition that a community interest is established where defendants are represented by the same agent. But English does not offer any reasoned analysis explaining why that scenario would be analogous to the facts here. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998); RAP 10.3(a)(6). We hold that English's listing of these cases does not merit judicial consideration.

a.    TOLLING

RCW 4.16.170 states that for the purpose of tolling any statute of limitations an action commences when a complaint is filed or summons is served.  Additionally, "[i]f service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."  RCW 4.16.170.  Although this statute allows service on one defendant to toll a statute of limitations as to an unserved defendant, this presumes the unserved defendant is a named defendant.  *See Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 327, 815 P.2d 781 (1991) (analyzing whether statute of limitations on service tolled with respect to added defendants named in a complaint); *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 561, 374 P.3d 121 (2016).

Here, although Buss was mentioned in the body of the complaint, Buss was not a *named defendant* in the caption or body of English's complaint.  Thus, contrary to English's argument, RCW 4.16.170 does not apply such that service on DSHS and DOC should toll the statute of limitations against Buss.  *See Sidis*, 117 Wn.2d at 327; *Kim*, 185 Wn.2d at 561.

b.    PREJUDICE FROM A FORECLOSED DEFENSE

English argues that Buss was not prejudiced by the amendment.  Buss argues that he was prejudiced because the lack of notice inhibited his ability to properly prepare a defense and foreclosed the possibility of a meritorious statute of limitations defense.  We agree Buss was prejudiced.

CR 15(c)(1) requires that "the added party must have received notice of the action within the limitations period such that he or she will not be prejudiced in maintaining his or her defense

on the merits." *Martin*, 182 Wn.2d at 288. Undue delay on the part of the movant proposing the amendment of a claim is grounds to deny a motion to amend only where such delay works undue hardship or prejudice upon the opposing party. *Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 100 Wn.2d 343, 349, 670 P.2d 240 (1983). Delay alone is not sufficient reason to deny a motion, though as a practical matter, the risk of prejudice increases with time. *Caruso*, 100 Wn.2d at 350.

As discussed above, English requested to add Buss in his individual capacity as a defendant only after the State claimed Title 51 RCW immunity and after the statute of limitations had run on the claim. English's delay in notifying Buss about the relation-back claim foreclosed Buss from contesting the relation-back motion by bringing a timely statute of limitations defense. English and Buss conceded at oral argument that a statute of limitations defense is a defense on the merits for the purpose of CR 15(c). Wash. Court of Appeals oral argument, *English v. Buss*, No. 50031-1-II (Apr. 10, 2017), at 21 min., 00 sec. through 22 min., 26 sec., and 30 min., 48 sec., through 31 min., 20 sec. (on file with court). Thus, we hold that English's delay in amending the complaint to add Buss as a party, and the resulting delay in serving the summons and notice of complaint until after the statute of limitations had run, prejudiced Buss.

3.    CONCLUSION

English had the burden to prove CR 15(c)'s first textual requirement that Buss received actual or constructive notice of the action within the limitations period such that he was not prejudiced. We hold that English failed to do so.[10]

### C.  FINDING AND SUMMARY JUDGMENT

We review an order of summary judgment de novo and perform the same inquiry as the superior court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate where the pleadings, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). The statute of limitations for personal injury actions in Washington is three years. RCW 4.16.080(2).

English served Buss with the summons and complaint nearly four years and four months after English sustained injury. And because English failed to meet the requirements under CR 15(c) for his amended complaint to relate back to the original complaint, English's claim against Buss was outside the statute of limitations period. Accordingly Judge Murphy's grant of summary judgment on the basis that the statute of limitations barred English's claim was appropriate.

---

[10] Because all three elements must be met, and English fails to prove the first element, we need not address English's arguments regarding the remaining elements.

No. 50031-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.

23